# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| THEODORE J. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 12-0576-WS-B |
| | ) | |
| GREYHOUND LINES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the motion of defendant Greyhound Lines, Inc. ("Greyhound") to dismiss. (Doc. 7). The appearing parties have filed briefs in support of their respective positions, (Docs. 7, 15, 16), and the motion is ripe for resolution.

## BACKGROUND

According to the complaint, (Doc. 1), on March 14, 2011, the plaintiff purchased from Greyhound in Pensacola a one-way ticket to Tunica, Mississippi, to arrive at 5:05 p.m. on March 15. A Greyhound bus delivered the plaintiff from Pensacola to Mobile just after midnight on March 15. Seven hours later, Greyound personnel directed the plaintiff to board a Colonial Trailways bus. The driver, defendant Terry Reeves, announced that the bus was traveling only to Jackson, Mississippi and would thereafter return to Mobile. Reeves also announced that his bus was scheduled to arrive in Jackson at 12:05 p.m. and that a bus would depart Jackson at 12:30 p.m., arriving in Tunica at 5:05 p.m. The plaintiff, upon hearing this, decided it was time for a nap.

So far, so good. But when the plaintiff awakened, he realized it was almost 2:30 p.m. and that the bus was now headed back to Mobile. He and Reeves exchanged words, but the bus continued to Mobile, where the plaintiff remained for over nine hours before his brother sent him a pre-paid ticket back to Pensacola. Because of these events, the

plaintiff "missed his court-date and was found guilty in absentia." The plaintiff sues Greyhound, Colonial Trailways and Reeves on several state law causes of action. Subject matter jurisdiction is based on diversity of citizenship.

**DISCUSSION**

Greyhound argues that the action should be dismissed for improper venue or, in the alternative, for failure to state a claim. It is well established that a court should address challenges to subject matter jurisdiction under Rule 12(b)(1) and challenges to personal jurisdiction under Rule 12(b)(2) before considering a Rule 12(b)(6) motion based on failure to state a claim. *E.g., Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997); *Jones v. State of Georgia*, 725 F.2d 622, 623 (11th Cir. 1984). For similar reasons, the Court concludes that it should resolve Greyhound's challenge to venue under Rule 12(b)(3) before addressing its Rule 12(b)(6) motion. *See Arrowsmith v. United Press International*, 320 F.2d 219, 221 (2nd Cir. 1963) (venue should be resolved before addressing failure to state a claim).

Although unnoted by the parties, "[t]he plaintiff has the burden of showing that venue in the forum is proper." *Pinson v. Rumsfeld*, 192 Fed. Appx. 811, 817 (11th Cir. 2006). However, "[w]hen a complaint is dismissed on the basis of improper venue without an evidentiary hearing, 'the plaintiff must present only a prima facie showing of venue.' … "Further, '[t]he facts as alleged in the complaint are taken as true to the extent they are uncontroverted by defendants' affidavits.'" *Home Insurance Co. v. Thomas Industries, Inc.*, 896 F.3d 1352, 1355 (11th Cir. 1990) (quoting *Delong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)). Greyhound did not request an evidentiary hearing, so the plaintiff need present only a prima facie showing of venue. Neither side presented affidavits or other evidence, so the Court's review is limited to the complaint. As discussed below, that document does not suffice to meet the plaintiff's burden of making a prima facie showing of proper venue.

The propriety of venue in this case is to be measured by 28 U.S.C. § 1391(b). This statute provides two means of establishing proper venue, with a third means available if proper venue cannot be established under either of the first two.

Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). For purposes of this provision, an individual resides "in the United States district in which that person is domiciled." *Id*. § 1391(c)(1). According to the complaint, Reeves "is a citizen of Florida with his domicile residence in the State of Florida." (Doc. 1 at 2). Because Reeves does not reside in Alabama, venue is not proper under Section 1391(b)(1).

Venue is also proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Under this provision, "[o]nly the events that directly give rise to a claim are relevant." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). The only event that occurred in this District was that the plaintiff changed buses here, and that event did not "directly give rise to a claim." The plaintiff does not allege that the transfer constituted a breach of contract, only that Greyhound had not told him, when he purchased the ticket to Tunica the previous day, that he would be transferring to a Colonial Trailways bus. Greyhound's alleged negligence and breach of contract, according to the complaint, derive from its failure to safely and successfully transport the plaintiff to Tunica, and nothing that occurred in Alabama caused or contributed to such failure. According to the complaint, Greyhound contracted to get him to Tunica at 5:05 p.m. on March 15, and taking the Colonial Trailways bus to Jackson would have (but for his sleeping through the transfer) gotten him to Tunica at precisely that time. The mere fact that the plaintiff passed through this District and changed buses here is not a "part of the events or omissions

giving rise to the claim," much less a "substantial" part.[1] Accordingly, venue is not proper under Section 1391(b)(2).

However, a substantial part of the events or omissions giving rise to the plaintiff's claims certainly occurred in the Southern District of Mississippi. Greyhound explicitly concedes the propriety of venue in that District. (Doc. 7 at 4; Doc. 15 at 4).[2] Because proper venue can be established under Section 1391(b)(2) (only not in this District), the plaintiff cannot rely on Section 1391(b)(3) to establish venue.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). To the extent the phrase "in which it could have been brought" requires that personal jurisdiction over the defendants exist in the transferee district,[3] specific personal jurisdiction exists in the Southern District of Mississippi, as the plaintiff's claims arise from and relate to the defendants' contacts with that District – Reeves' driving of the plaintiff there (and not waking him up in Jackson), Colonial Trailways' operation of the bus there, and Greyhound's sale of a ticket to transport the plaintiff through there. The parties make no argument to the contrary.

Greyhound requests the Court to dismiss rather than transfer, but it offers no explanation why this route should be preferred. As this Court has noted, "[g]enerally, the interests of justice [favor] transferring a case to the appropriate judicial district rather than dismissing it." *Boutwell v. Advance Construction Services, Inc.*, 2007 WL 2988238 at *3 (S.D. Ala. 2007) (internal quotes omitted). For the reasons set forth in that

---

[1] This is true even if, as the complaint asserts, the defendants "failed to follow proper and standard operating procedures concerning loading, unloading, and operating bus schedules." (Doc. 1 at 8).

[2] This concession effectively waives any objection Greyhound might have had to placement of venue in that District.

[3] *See Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1104 n.5, 1107 (5th Cir. 1981).

4

decision, and in light of Greyhound's inability to articulate any reason why the action should be dismissed, the Court exercises its discretion in favor of transfer.

## CONCLUSION

For the reasons set forth above, Greyhound's motion to dismiss for improper venue is **denied**. This action is **transferred** to the Southern District of Mississippi. Greyhound's motion to dismiss for failure to state a claim remains pending and ripe and will be considered by the transferee Court.

DONE and ORDERED this 13th day of December, 2012.

                                                   s/ WILLIAM H. STEELE
                                                   CHIEF UNITED STATES DISTRICT JUDGE